UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

FEB 2 4 2020

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § § § § | CRIMINAL NUMBER<br><br>C-20-368 |
| JOSE RAMOS | § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Between on or about January 1, 2013, and on or about July 1, 2019, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

JOSE RAMOS,

did knowingly and intentionally conspire and agree together, with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved more than five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### COUNT TWO

Between on or about January 1, 2013, and on or about July 1, 2019, in the Corpus Christi

Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

JOSE RAMOS,

did knowingly and intentionally conspire and agree together, with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved more than one hundred (100) kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

COUNT THREE

Between on or about January 1, 2013, and on or about July 1, 2019, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: the distribution of controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

## NOTICE OF CRIMINAL FORFEITURE
### 21 U.S.C. § 853(a)

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of Title 21, United States Code, Sections 846 and 841(a)(1), notice is given that the defendants,

### JOSE RAMOS,

that the following is subject to forfeiture:

(1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation and

(2) all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## NOTICE OF CRIMINAL FORFEITURE
### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), as a result of the commission of a violation of Title 18, United States Code, Sections 1956(a)(1), notice is given that the defendant,

that the following is subject to forfeiture:

(1) all property, real or personal, involved in such offense or traceable to such property, is subject to forfeiture.

### MONEY JUDGMENT

Defendant is notified that upon conviction, a money judgment may be imposed equal to

3

the total value of the property subject to forfeiture for which the defendant may be jointly and severally liable. That amount is estimated to be, but is not limited to, approximately $1,000,000.00 in United States currency.

## SUBSTITUTE ASSETS

In the event that the property that is subject to forfeiture, as a result of any act or omission of the defendant:

(1)　cannot be located upon exercise of due diligence;

(2)　has been transferred or sold to, or deposited with, a third party;

(3)　has been placed beyond the jurisdiction of the Court;

(4)　has been substantially diminished in value; or,

(5)　has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:
ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____
LANCE WATT
Assistant United States Attorney